UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 2:24-cv-20285

v.                                          Honorable Susan K. DeClercq
                                              United States District Judge
BILLY WAYNE STREET,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT (ECF No. 23)**

Defendant Billy Wayne Street seeks dismissal of the felon-in-possession charge the Government has brought against him, arguing the charge is unconstitutional under the Second Amendment. The Government opposes Defendant's Motion, arguing it is constitutional on its face and as applied to Defendant. As explained below, Defendant's Motion will be denied.

**I. BACKGROUND**

In May 2024, Defendant Billy Wayne Street was indicted on one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). ECF No. 10. Five months later, Defendant filed a motion to dismiss the indictment, arguing the felon-in-possession law, 18 U.S.C. § 922(g)(1), is unconstitutional. ECF No. 23. The Government opposes Defendant's Motion, arguing that the Sixth Circuit

foreclosed facial challenges to § 922(g)(1) in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), and any challenge to the constitutionality of § 922(g)(1) as applied to Defendant fails because he has not shown that he is not dangerous. ECF No. 24.

## II. STANDARD OF REVIEW

A defendant may challenge a defect in an indictment by filing a motion to dismiss before trial. FED. R. CRIM. P. 12(b)(3)(B). Under Criminal Rule 12, a defendant may raise pretrial "any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). Indeed, "courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based," but focus only on the four corners of the indictment. *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001).

## III. ANALYSIS

Defendant argues 18 U.S.C. § 922(g)(1) is unconstitutional, thus the indictment should be dismissed. ECF No. 23. Importantly, Defendant is not the first person to challenge the constitutionality of § 922(g)(1), either facially or as applied to him. Thus, a brief overview of the current state of the law is useful.

### A.

In 2008, the Supreme Court determined that the Second Amendment guarantees an individual right to keep and bear arms. *District of Columbia v. Heller*,

554 U.S. 570, 598–600 (2008). But the *Heller* Court cautioned that no part of its holding "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," such as § 922(g)(1). *Id.* at 626.

Yet in the past several years, the landscape of firearm regulation has changed dramatically. *See, e.g.*, *Williams*, 113 F.4th at 643–46 (detailing history of firearm-regulation precedent since *Heller*); *United States v. Jennings*, No. 2:24-cr-20173, 2024 WL 4560602, at *2 (E.D. Mich. Oct. 24, 2024) (same); *United States v. Lyle*, No. 23-cr-20098, 2024 WL 4819572, at *2 (E.D. Mich. Nov. 18, 2024) (same). Indeed, in 2022, the Supreme Court announced a two-step framework under which courts must evaluate the constitutionality of regulations implicating the Second Amendment. *See New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 24 (2022). Under the *Bruen* framework, courts must "first ask whether 'the Second Amendment's plain text' covers [the defendant's] conduct." *Williams*, 113 F.4th at 648 (quoting *Bruen*, 597 U.S. at 24). If it does, then the Government must "justify its regulation of that conduct by demonstrating that the regulation 'is consistent with the Nation's historical tradition of firearm regulation.'" *Id.* (quoting *Bruen*, 597 U.S. at 24).

In applying the second part of the *Bruen* framework, the Sixth Circuit recently evaluated whether 18 U.S.C. § 922(g)(1) was consistent with the Nation's historical tradition of firearm regulation. *Id.* at 650–63. The Sixth Circuit concluded that "our

nation's history and tradition demonstrate that Congress may disarm individuals they believe are dangerous," *id.* at 657, and that § 922(g)(1) "is constitutional on its face and as applied to dangerous people," *id.* at 662–63. After making this determination, the Sixth Circuit went on to establish three "categories" of dangerousness that courts may use to evaluate whether a particular person is "dangerous," such that the Nation's history and tradition permits the Government to disarm that person:

1. People who have committed "a crime 'against the body of another human being,' including (but not limited to) murder, rape, assault, and robbery";

2. People who have committed "a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary"; and

3. People who have committed "crimes that pose no threat of physical danger, like mail fraud, tax fraud, or making false statements."

*Id.* at 663. Importantly, it is the defendant's burden to show that he is not dangerous. *Id.* at 662. The Sixth Circuit went on to note that a person falling into the first and second danger categories "will have a very difficult time, to say the least, of showing he is not dangerous." *Id.* at 663. And although the Sixth Circuit recognized that the third danger category presented "difficult" considerations as to whether a person could be disarmed, it ultimately declined to engage with the question because it was not presented by the underlying facts in *Williams*. *Id.* Even so, the court noted its belief that district courts "will have no trouble" concluding that many of the crimes in the third category do not support a finding of dangerousness. *Id.* at 659.

**B.**

Having provided this legal background, the Court turns now to the specifics of Defendant and his constitutional challenge. Notably, Defendant's Motion to Dismiss raises only a facial challenge, which *Williams* forecloses. *See Williams*, 113 F.4th at 657 ("Because . . . most applications of § 922(g)(1) are constitutional, the provision is not susceptible to a facial challenge."). Indeed, at the November 25, 2024 motion hearing, Defense Counsel confirmed that Defendant was raising only a facial challenge and declined to make any arguments in support of an as-applied challenge. Thus, Defendant's Motion must be denied under *Williams*.

Even construed as an as-applied challenge, Defendant's motion meets the same fate, as Defendant's criminal history—which demonstrates a pattern of threatening to physically harm people and includes a felonious assault conviction—places him in the first *Williams* danger category. *See* ECF Nos. 24 at PageID.120; 25-1 at PageID.147–49 (sealed). And Defendant has not presented any evidence that he is not dangerous. *See generally* ECF No. 23; *see also United States v. Lyle*, 2024 WL 4819572, at *4 (denying motion to dismiss felon-in-possession charge when defendant did not present evidence to rebut the "heavy presumption" that he was dangerous based on his criminal history).

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss the

- 6 -

Indictment, ECF No. 23, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:  12/3/2024