UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 2:24-cr-20285

v.                                    Honorable Susan K. DeClercq
                                    United States District Judge

BILLY WAYNE STREET,

                Defendant.

_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE FOR TIME CREDITED (ECF No. 44)**

In August 2025, this Court sentenced Defendant Billy Wayne Street to a 60-month term of imprisonment after he pleaded guilty to one count of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). ECF No. 41. During the sentencing hearing, Street's counsel noted that there was some uncertainty about whether Street would receive credit for the time he spent in federal custody before sentencing because he had "an unresolved state parole revocation." ECF No. 45 at PageID.443.

A week after Street's sentencing hearing, his attorney filed a notice of appeal. ECF No. 42. And a few days after that, Street himself filed a document titled "Appeal for Sentence Reduction for Time Credited" which was docketed as a motion. ECF No. 44 at PageID.431. In the short, one-page document, Street writes:

> I am writing this appeal to have my days credited that the [Bureau of Prisons] will not give me. I don't know if my lawyer sent in an appeal that is why I am writing this myself. I just want it to be acknowledged in a timely manner as the BOP will not compute my time for several months. If the BOP does give me credit, I will withdraw this plea.

*Id.* Liberally construing Street's request, it appears he is seeking either (1) to appeal his sentence; or (2) to challenge the BOP's future calculation of his time-served credit. *See id.*

But regardless of how Street's request is construed, it does not appear he is entitled to relief at this time, so his request will be denied. Specifically, to the extent Street intended this document to be a notice of appeal, it will be denied as moot because Street's attorney already filed a notice of appeal on August 17, 2025. *See* ECF No. 42. And to the extent that Street is challenging the BOP's future calculation of his time-served credit, his request will be denied without prejudice because the BOP has not yet calculated Street's time-served credit.[1] *See* ECF No. 44 at PageID.431 ("[T]he BOP will not compute my time for several months."). And even if it had, "[t]he BOP, not the sentencing court, computes federal prisoners' credit for prior time served." *Barker v. Barnhart*, No. 18-5969, 2019 WL 4391453, at *3 (6th

---

[1] Once the BOP determines how much of Street's time in federal custody will apply to his sentence in this case, the proper remedy for Street to contest the determination, "is a petition under 28 U.S.C. § 2241, after he has exhausted his administrative remedies." *United States v. Diggs*, 423 F. Supp. 3d 445, 455 (W.D. Mich. 2019) (citing *Barker*, 2019 WL 4391453, at *3).

- 3 -

Cir. June 4, 2019) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)).

Accordingly, it is **ORDERED** that Defendant's Motion for Reduction of Sentence for Time Credited, ECF No. 44, is **DENIED WITHOUT PREJUDICE**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 12, 2026